UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ROBERT DUPREE, JR., | ) | 1:04-cv-06374-AWI-SMS-HC |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS AND** |
| | ) | **RECOMMENDATIONS** (Doc. 16) |
| v. | ) | |
| | ) | **ORDER DENYING PETITION FOR** |
| TOM L. CAREY, Warden, | ) | **WRIT OF HABEAS CORPUS AND** |
| | ) | **ORDER DIRECTING CLERK TO ENTER** |
| Respondent. | ) | **JUDGMENT FOR RESPONDENT** |
| | ) | |
| | ) | **ORDER DECLINING TO ISSUE** |
| | | **CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On December 10, 2007, the Magistrate Judge filed Findings and Recommendations that the Petition for Writ of Habeas Corpus be DENIED, and the Clerk of Court be directed to enter judgment in favor of Respondent. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On January 10, 2008, Petitioner filed objections to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's

1

1  objections, the court concludes that the Magistrate Judge's
2  Findings and Recommendations are supported by the record and proper
3  analysis.  Petitioner's objections present no grounds for
4  questioning the Magistrate Judge's analysis.
5      In the objections Petitioner contends, as he does in his
6  petition, that his trial counsel was ineffective for advising him
7  that if he pled guilty he would be eligible to earn 50% credits
8  while in prison.  After the gulity plea, the trial court held
9  several hearings to determine what representations the district
10 attorney and Petitioner's counsel had given him regarding earning
11 credits.  This evidence clearly shows that Petitioner was only
12 eligible to earn 15% credits.  This evidence also shows that trial
13 counsel admitted he had mistakenly told Petitioner he would receive
14 50% credits if he pled.  Based on these facts, the issue before
15 this court on Petitioner's ineffective assistance of counsel claim
16 is whether Petitioner was prejudiced by Petitioner's counsel's
17 advice.
18     During several hearings prior to sentencing, the trial court
19 made the factual finding that Petitioner would have pled guilty
20 even if his trial counsel had told him he could only earn credits
21 at 15%.  Relying in this factual finding, the Magistrate Judge
22 concluded that Petitioner could not show prejudice from trial
23 counsel's misadvise.  It appears Petitioner's dispute is with the
24 trial court's finding that Petitioner would have pled guilty
25 despite the incorrect advice.
26     This court reviews a state court's factual determinations
27 under 28 U.S.C. § 2254(d)(2).  See  Lambert v. Blodgett, 393 F.3d
28 943, 978 (9th Cir. 2004).  Pursuant to 28 U.S.C. § 2254(d)(2), the

1 court may only grant a petition for a writ of habeas corpus if the
2 adjudication of the claim "resulted in a decision that was based on
3 an unreasonable determination of the facts in light of the evidence
4 presented in the State court proceeding."  Under Section 2254(d)(2)
5 "the question on review is whether an appellate panel, applying the
6 normal standards of appellate review, could reasonably conclude
7 that the finding is supported by the record." Lambert, 393 F.3d at
8 978.  "[M]ere doubt as to the adequacy of the state court's
9 findings of fact is insufficient; [the court] must be satisfied
10 that any appellate court to whom the defect [in the state court's
11 fact-finding process] is pointed out would be unreasonable in
12 holding that the state court's fact-finding process was adequate."
13 Id. at 972 (internal quotes omitted).   Section § 2254(d)(2)
14 instructs the court to be particularly deferential to state-court
15 judges when conducting this kind of intrinsic review of a state
16 court's processes.  Weaver v. Palmateer, 455 F.3d 958, 963 (9th
17 Cir. 2006).

18        The trial court's factual determination that Petitioner would
19 have pled guilty even if he had been properly advised about credits
20 is supported by the evidence presented in state court given the
21 previous plea negotiations between the parties, the timing of the
22 plea, and the fact Petitioner was looking at a potential 88 year
23 sentence.   Thus, the trial court's finding that Petitioner would
24 have pled guilty regardless of his counsel's advice on credits was
25 not an unreasonable determination of the facts in light of the
26 evidence presented in state court.   Accordingly, Petitioner cannot
27 show that he was prejudiced by counsel's error, and as such, the
28 court cannot find that the state court's finding that Petitioner's

counsel was not ineffective was contrary to, or involved an unreasonable application of, clearly established Federal law.

Accordingly, the court ORDERS that:

1. The Findings and Recommendations, filed December 10, 2007, are ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED;
3. The Clerk of Court enter judgment in favor of Respondent, and,
4. The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; <u>Hoffman v. Arave</u>, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

**Dated:   February 25, 2008**          /s/ Anthony W. Ishii
                              UNITED STATES DISTRICT JUDGE